IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KATHLEEN P. K.**,[1]<br><br>       Plaintiff,<br><br>v.<br><br>**KILOLO KIJAKAZI**, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:22-cv-01721-IM<br><br>**OPINION AND ORDER AFFIRMING THE ACTING COMMISSIONER OF SOCIAL SECURITY'S DENIAL OF PLAINTIFF'S APPLICATION** |

David F. Chermol, Chermol & Fishman, LLC, 11450 Bustleton Avenue, Philadelphia, PA 19116; Jeremy L. Bordelon, Evergreen Disability Law, 465 NE 181st Ave, #500, Portland, OR 97230. Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Executive Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

**IMMERGUT, District Judge.**

Plaintiff Kathleen P. K. seeks review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act. For the following reasons, this Court AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). "This is a highly deferential standard of review." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.* (citation omitted); *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born in May 1965 and was forty-eight years old and considered a younger individual on her disability onset date of July 23, 2013. AR 76, 268, 274; 20 C.F.R. § 404.1563(c). In May 2015, she turned fifty years old and was considered an individual closely approaching advanced age for the remainder of her claim, through her date last insured for DIB, December 31, 2015. AR 302; 20 C.F.R. § 404.1563(d).

Plaintiff filed an application for DIB in May 2018. AR 10, 75, 274–75. Plaintiff's application was denied initially and on reconsideration. AR 75, 88.

Plaintiff then requested a hearing. She and a vocational witness testified before an Administrative Law Judge ("ALJ") on September 18, 2020. AR 44–74. On October 8, 2020, the ALJ issued an unfavorable decision finding, in relevant part, that Plaintiff's "mental impairments of depression and anxiety, considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities for a period of twelve or more months, and were therefore nonsevere." AR 107.

Plaintiff appealed. AR 176–77. On March 31, 2021, the Appeals Council ("AC") remanded Plaintiff's case because the ALJ's evaluation of Plaintiff's mental impairments was "internally inconsistent" and the conclusion that Plaintiff's mental impairments did not meet the twelve-month durational requirement contradicted medical evidence in the record. AR 120–26.

On August 25, 2021, Plaintiff appeared before the same ALJ for the remand hearing. AR 32–43. On September 9, 2021, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. AR 7–28. The AC summarily rejected Plaintiff's request for review. AR 1–6. Having exhausted her administrative remedies, Plaintiff now seeks judicial review of the final decision.

PAGE 3 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

B.  **The Sequential Analysis**

A claimant is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Step two, the only step at issue here, asks:

> Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). The claimant bears the burden of proof at this step. *Bustamante*, 262 F.3d at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 146 n.5.

At step two, to evaluate the severity of a claimant's mental impairments, the ALJ must assess the claimant's degree of limitation across four broad functional areas: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. § 404.1520a(c). If the claimant's limitation in each of these

PAGE 4 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

areas is either "none" or "mild," the ALJ will generally conclude that the mental impairments are not severe. 20 C.F.R. § 404.1520a(d)(1).

### C. The ALJ's Decision

For Plaintiff's claimed mental impairments of depression and anxiety, the ALJ determined that they did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities for a period of twelve months. AR 14. The ALJ found only mild limitations in Plaintiff's ability to understand, remember, and apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage herself. AR 14–15. The ALJ acknowledged that Plaintiff's mental impairments were severe at the alleged onset date of July 23, 2013, but concluded that the medical record reflected that her mental health symptoms had largely resolved within twelve months of that date. AR 14.

In reaching this decision, the ALJ concluded that a report submitted by one of Plaintiff's counselors incorrectly dated Plaintiff's suicide attempt as occurring in December 2014 rather than December 2013. AR 14. The ALJ discounted other statements made by that counselor as unsupported by the record, noting that "in all likelihood the provider meant to reference December 2013 and not December 2014" for those statements as well. *Id.* Without that counselor's report, the ALJ found that the medical records from 2014 and 2015 established nothing more than a mild limitation in any of the functional areas and that the evidence did not otherwise indicate that there was more than a minimal limitation in Plaintiff's ability to do basic work activities. AR 14–15.

## DISCUSSION

Plaintiff seeks review of the ALJ's determination that she was not disabled. Plaintiff first argues that the ALJ erred in rejecting the medical opinions of Bradley Young, MA, and that without this evidence the ALJ necessarily and impermissibly relied on his own lay opinion of the

PAGE 5 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

medical evidence. ECF 10 at 4–10. She then argues that the ALJ erred in failing to identify specific, clear, and convincing reasons supported by substantial evidence in the record to reject her subjective symptom testimony, and that her case should again be remanded to allow for a full development of the record. *Id.* at 10–18. Each argument will be addressed in turn.

**A. Substantial Evidence Supports the ALJ's Evaluation of the Medical Opinion Evidence**

Plaintiff argues that the ALJ improperly rejected a report from Counselor Young, and that, without that report, the ALJ necessarily based his decision on his own lay opinion of the medical evidence. ECF 10 at 4–5.

Because Plaintiff filed for DIB after March 27, 2017, the applicable rules for evaluating medical opinions are contained at 20 C.F.R. § 404.1520c. Under these requirements, an ALJ determines which medical opinions are most "persuasive." 20 C.F.R. § 404.1520c(a)–(b). The ALJ considers the "supportability" and "consistency" of the opinions, followed by additional subfactors, in determining persuasiveness. 20 C.F.R. § 404.1520c(c). The regulations require an ALJ to "articulate . . . how persuasive [he] find[s] all of the medical opinions" and "explain how [he] considered the supportability and consistency factors." 20 C.F.R. § 404.1520c(b). Supportability means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[] . . . the more persuasive the medical opinion[] . . . will be." 20 C.F.R. § 404.1520c(c)(1). Likewise, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[ ] . . . will be." 20 C.F.R. § 404.1520c(c)(2).

Counselor Young's narrative report, dated September 2018, states that Plaintiff attempted to commit suicide on December 4, 2014, and, as of December 27, 2014, Plaintiff "continue[d] to spend large portions of her day in a severely dissociated state." AR 474. However, the only other

PAGE 6 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

evidence in the record relating to a suicide attempt refers to December 2013, not December 2014. AR 536. And treatment records from an urgent care visit for chest pain that occurred on December 31, 2014 indicate that Plaintiff's mood and speech were appropriate and her memory and comprehension were intact. AR 957. The ALJ determined that Counselor Young's references to a suicide attempt and other severe mental health symptoms in December 2014 were erroneous. As the ALJ explained, "the record reflects the suicide attempt occurred in December 2013, not December 2014," and the "records do not support the described symptoms from December 2014 (again, in all likelihood the provider meant to reference December 2013 and not December 2014)." AR 14. Because Counselor Young's opinion had "flawed support" and was "inconsisten[t] with the record," the ALJ found it unpersuasive.[2] AR 19. The ALJ did not err in discounting Counselor Young's medical opinions. As the ALJ explained, Counselor Young's conclusions contradicted other evidence in the record, and no evidence supports the suicide attempt and mental health symptoms Counselor Young attributed to December 2014.

According to Plaintiff, without Counselor Young's reports, the ALJ had no expert testimony to rely on, which left the ALJ with only his own lay opinion of the medical evidence. ECF 10 at 5–6. Plaintiff argues that this contravenes established Social Security Administration policies and the Social Security Act, and she requests remand to allow for the introduction of expert testimony. *Id.* at 5. The Commissioner responds that the record included reports from two other qualified medical experts—James Buskirk, MD, and Joshua Boyd, PsyD, both of whom

---

[2] The ALJ also considered an opinion of Counselor Young's from June 2021 to be unpersuasive because it addressed the period between August 2020 and June 2021, "well after the claimant's date last insured." AR 20; *see also* AR 1967–69, 2228–30 (correcting date of letter). And the ALJ considered an opinion of Counselor Young's from July 2021 to be unpersuasive because it "did not provide any findings or observations to support the described limitations." AR 20; *see also* AR 2231–34.

PAGE 7 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

evaluated Plaintiff's medical history. ECF 12 at 4–5; AR 84–85 (Dr. Buskirk); AR 97–98 (Dr. Boyd). Drs. Buskirk and Boyd, reviewing the same sources and evidence as the ALJ, determined that the record "goes without significant psych[ology] [follow-up] after 12/2014," referring to Counselor Young's report, and that there was "insufficient evidence to evaluate the claim." AR 85 (Dr. Buskirk); AR 98 (Dr. Boyd). According to the Commissioner, these reports make additional expert testimony unnecessary. This Court agrees with the Commissioner. The reports from Drs. Buskirk and Boyd provided the ALJ with expert opinions, even if those opinions were not conclusive. Along with those opinions, the ALJ looked to treatment records showing that Plaintiff's depression was stable, AR 935, 941, and mental examinations showing no or minimal mental health problems following December 2013, AR 483, 500, 957.

The ALJ's conclusion that Plaintiff did not establish more than a mild limitation based on her mental impairments after December 2013 is supported by substantial evidence.

**B.  The ALJ Did Not Err in Evaluating Plaintiff's Subjective Testimony**

Plaintiff next argues that the ALJ "failed to analyze [her] subjective mental complaints as directed by Agency policy." ECF 10 at 11.

There is a two-step process used in the Ninth Circuit for evaluating a claimant's testimony about the severity and effect of the claimant's symptoms. *Vasquez. v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen v. Chater*, 80 F.3d

PAGE 8 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

1273, 1281 (9th Cir. 1996)). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citation omitted).

The ALJ, applying the first step of the credibility framework, found that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." AR 17. However, the ALJ went on, "the claimant's statements concerning the intensity, persistence and limiting effects of [her alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* For instance, notes from an August 2014 medical visit for a skin check and abdominal pain state that Plaintiff was oriented to time, place, person, and situation, and that she had an appropriate mood and affect. AR 483. In May 2015, her medical provider noted that Plaintiff was alert and had normal mood, affect, and behavior. AR 500. In October 2015, Plaintiff's treatment provider noted that her depression was "[c]urrently stable on home medication." AR 935. A discharge summary from the following day confirmed this information. AR 941.

As discussed above, in discounting a claimant's testimony the ALJ must offer "specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (citations omitted). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). That standard is met here. The ALJ did not err in discounting Plaintiff's subjective symptom testimony due to inconsistencies between that testimony and record evidence.

///

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 15th day of November, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
